UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT A. SMITH, | : | |
|     Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-03-2176 |
| | : | |
| | : | (Judge McClure) |
| WARDEN SOBINA, | : | |
| | : | |
|     Respondent | : | |

## MEMORANDUM AND ORDER

April 18, 2005

**Background**

This pro se habeas corpus action pursuant to 28 U.S.C. § 2254 was initiated by Robert Allan Smith regarding convictions and/or sentences which occurred in Cumberland, York, Dauphin and Perry counties. Service of the petition was previously ordered. Smith has notified the Court that he was granted parole effective September 7, 2004. See Record document no. 24.

Petitioner states that while being held in the Cumberland County Prison, he was interviewed by detectives from Cumberland, York, Dauphin, and Perry counties. The

law enforcement officials purportedly promised Smith that if he admitted to his participation in some unsolved burglaries which transpired in those respective counties, they would make sure that all charges against him would be consolidated into a single proceeding.  Based on that alleged promise, the Petitioner apparently confessed to committing a number of  burglaries in the four counties.  Smith notes that consolidation of criminal charges is still permissible under Pennsylvania state law even if the offenses occurred in different counties.  However, the petition contends that the law enforcement officials reneged on their agreement and he was subjected to separate criminal prosecutions in each of the four counties.

In addition to his claim of being misled by law enforcement officials, Petitioner adds that the Commonwealth's failure to consolidate violated the prohibition against double jeopardy.  His petition also seeks federal habeas corpus relief on the grounds that his court appointed attorney provided ineffective assistance by not seeking consolidation of all pending burglary charges.  Smith additionally indicates that his original counsel was removed from his case for initiating a request for consolidation.

Two of the respondents, Cumberland and York counties, assert that the petition should be dismissed for failure to exhaust state remedies.  The remaining respondent, Perry County, concedes that Smith has satisfied the exhaustion requirement with respect to the Perry County charges and seeks dismissal on the sole basis that the

Perry County sentence was concurrent and coterminous with any sentence imposed in Cumberland County. This matter is ripe for consideration.

**Discussion**

**Exhaustion**

According to respondent Cumberland County, Petitioner entered a guilty plea to eight (8) counts of burglary in the Cumberland County Court of Common Pleas on June 19, 2000. He was sentenced to a three (3) to fifteen (15) year term of imprisonment. In a direct appeal to the Pennsylvania Superior Court, Smith sought relief on the basis of ineffective assistance of counsel. The Superior Court denied relief. A petition for allowance of appeal to the Pennsylvania Supreme Court was denied on December 24, 2002. Petitioner did not initiate any subsequent actions under Pennsylvania's Post Conviction Relief Act (PCRA).[1] Respondent Cumberland County contends that this petition should not be entertained because Petitioner's present claim of ineffective assistance of counsel was never presented before the Cumberland County Court of Common Pleas and is therefore unexhausted. See

---

[1] One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

Record document no. 8, p. 1.

Respondent York County states that on May 10, 2001, the Petitioner entered guilty pleas in the York County Court of Common Pleas in three (3) separate cases. In Case 4825, Smith pled guilty to access device fraud and was given a one (1) to two (2) year sentence. In Cases 5058 and 5027, the Petitioner pled guilty to burglary and received two (2) to four (4) year concurrent sentences which were to run consecutively to the sentence imposed in Case 4825. York County's response contends that Smith did not pursue direct appeals.

However, according to their response, Smith did file a PCRA action (his third such action in that court) on November 3, 2001 alleging that his attorney was ineffective for not pursuing consolidation. It is further acknowledged that those claims were essentially the same assertions set forth in this action. York County adds only that the PCRA petition was "never adjudicated in the York County Court of Common Pleas." Record document no. 19, p. 3. Respondent York County contends that this petition was apparently not acted upon because it was precluded from consideration under state procedural rules. Consequently, said Respondent argues that this action should be dismissed for failure to exhaust state court remedies.

In its response to this matter, Respondent Perry County states that Petitioner entered a guilty plea in the Perry County Court of Common Pleas on June 15, 2001.

He was sentenced on July 12, 2001 to a term of imprisonment to run concurrently and coterminous with any sentence imposed in Cumberland County.  Respondent Perry County acknowledges that investigating officers gave Smith assurances that his cases would be consolidated.  See Record document no. 9, ¶ 4.  Furthermore, said Respondent contends that Petitioner did fully exhaust his state remedies with respect to his present claims.  See id. at ¶ 1.

28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State."    To exhaust one's claims, they may be presented to the state courts directly on appeal from the judgment of conviction and sentence or through a collateral proceeding, such as a PCRA petition.  It is not necessary, however, to present federal claims to state courts both on direct appeal and in a PCRA proceeding.  Evans, 959 F.2d at 1230-31; Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984).

Under 28 U.S.C. § 2254(c), such a petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the Supreme Court held that while

5

exhaustion does not demand that state prisoners "invoke extraordinary remedies," "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 844-45.

Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986).

In the present case, Respondent Perry County acknowledges that the Petitioner's present claims have been exhausted. Respondent York County admits that a PCRA action filed by Smith in the York County Court of Common Pleas which asserted the claims presently before this Court was not acted upon. Finally, Petitioner has submitted a copy of his appellate brief from his direct appeal of his Cumberland County conviction. See Record document 16, Exhibit F. Based on this Court's review of that brief, it is satisfied that Petitioner's present claim that counsel was ineffective for not seeking consolidation was asserted in that appeal. Furthermore, it

also appears that the substantial equivalent of Smith's pending allegation relating to the Commonwealth's failure to consolidate was also raised in that appeal. See id. at p. 8. It is undisputed that Smith's Cumberland County appeal was presented to both the Pennsylvania Superior and Supreme courts.

Based on the above it is the conclusion of this Court that the substance of Petitioner's present claims was adequately presented before the Pennsylvania state appellate courts. Accordingly, dismissal of the present petition on the basis that there was non- exhaustion of state court remedies is not appropriate.

**In Custody**

Pursuant to 28 U.S.C. § 2254(a), a habeas petitioner must make a showing that he is "in custody pursuant to the judgment of a State Court." See also Carfas v. LaVallee, 391 U.S. (1968)(a habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is submitted). In Maleng v. Cook, 490 U.S. 488 (1989)(per curiam), the United States Supreme Court addressed a challenge to a state conviction by an applicant who had already completed service of his entire sentence. The Court held that § 2254(a)'s 'in custody' requirement was satisfied because the challenged conviction was used to enhance a subsequently imposed sentence which the applicant had not yet begun to serve. See id. at 493. Consequently, the Court concluded that the habeas petition could be properly

7

construed as a challenge to the subsequent sentence.

More recently, in Daniels v. United States, 532 U.S. 374 (2001), the Supreme Court established that a prior sentence used to enhance a federal sentence is no longer open to collateral attack via a motion under 28 U.S.C. § 2255. In reaching that determination, the Court stressed the need for finality of convictions and ease of administration.

In a subsequent ruling, Lackawanna County v. Coss, 532 U.S. 394 (2001), the Supreme Court addressed Coss' challenge to his 1986 state conviction which he was no longer serving. Specifically, Coss claimed that his 1986 conviction resulted from ineffective assistance of counsel. Coss was serving a 1990 sentence and he contended that he could still challenge the 1986 sentence because it had negatively impacted his 1990 sentence. The Supreme Court, again noting the need for finality of convictions and ease of administration, held that Coss did not qualify to have his § 2254 petition reviewed because the expired prior conviction did not actually increase the length of his current sentence.

In the present case, the Petitioner has notified this Court that he was granted parole in September, 2004. Based on that occurrence, it is unclear whether Petitioner still satisfies the in custody requirement. Furthermore, the in custody issue has not yet been addressed by the Respondents.

**Concurrent Sentence**

In its response, Perry County citing Commonwealth v. MacPhail, 692 A.2d 139 (Pa 1997) asserts that it recognized the presence of a consolidation issue with respect to Smith's prosecution. It also acknowledges that law enforcement officials gave Smith assurances that his charges would be consolidated. However, since the Petitioner's Perry County sentence was directed to run concurrently and coterminous with any Cumberland County sentence, there was no resulting injury. Petitioner counters that this argument is unpersuasive because his Perry County sentence is still viewed as a separate sentence by the Pennsylvania Board of Probation and Parole and thus, negatively impacts his eligibility tor parole.

Since the Petitioner has been granted parole, it appears that this argument lacks merit. However, since the submission of supplemental responses is required before a final resolution of this matter can occur, disposition of this argument will be held in abeyance. Smith and Perry County will be granted an additional opportunity to address the question of whether Smith's Perry County sentence has expired and if so, does it satisfy the collateral consequence requirement.

**Conclusion**

Consequently, within twenty (20) days of the date of this Order, Respondents shall file supplemental responses which in part address the in custody issue.

Furthermore, if the respective Respondents do not seek dismissal of the petition under S 2254(a), their supplemental responses should fully address the merits of Smith's allegations and provide this Court with copies of any relevant state court decisions addressing Smith's present claims. Within fifteen (15) days of the filing of the supplemental responses, the Petitioner may file a response. If complete supplemental responses are not timely filed, this matter will be scheduled for an evidentiary hearing.

**IT IS HEREBY ORDERED THAT:**

1. The requests for dismissal of the petition on the basis of non-exhaustion of state court remedies are denied.

2. Within twenty (20) days of the date of this order, Respondents are directed to file supplemental responses in accordance with the accompanying memorandum.

3. Failure of Respondents to file complete and timely responses will result in this matter being scheduled for an evidentiary hearing.

4. Petitioner may file replies to the supplemental responses within fifteen (15) days of their submission to the Court.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge