UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT A. SMITH,                          :
          Petitioner                 :
                                :
      v.                                :      CIVIL NO. 4:CV-03-2176
                                :
                                :      (Judge McClure)
WARDEN SOBINA,                           :
                                :
          Respondent                 :

## MEMORANDUM AND ORDER

May 12, 2005

## Background

      Robert Allan Smith filed this pro se habeas corpus action pursuant to 28 U.S.C.

§ 2254 with respect to convictions and/or sentences which occurred in Cumberland,

York, Dauphin and Perry counties.   Service of the petition was previously ordered.

Smith has notified the Court that he was granted parole effective September 7, 2004.

See Record document no. 24.

      By Memorandum and Order dated April 18, 2005, this Court denied

Respondents' respective arguments that this matter should be dismissed for the

Petitioner's failure to fully exhaust state court remedies.  The Memorandum additionally directed the Respondents to file supplemental responses which in part should address the question of whether Smith still satisfied the in custody requirement of 28 U.S.C. § 2254(a).

York County has filed a supplemental response indicating that due to his release on parole, Petitioner no longer satisfied the in custody requirement.  See Record document no. 31.

**Discussion**

Pursuant to 28 U.S.C. § 2254(a), a habeas petitioner must make a showing that he is "in custody pursuant to the judgment of a State Court."  See also Carfas v. LaVallee, 391 U.S. (1968)( a habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is submitted).  In Maleng v. Cook, 490 U.S. 488 (1989)(per curiam), the United States Supreme Court addressed a challenge to a state conviction by an applicant who had already completed service of his entire sentence.  The Court held that § 2254(a)'s 'in custody' requirement was satisfied because the challenged conviction was used to enhance a subsequently imposed sentence which the applicant had not yet begun to serve.  See id. at 493. Consequently, the Court concluded that the habeas petition could be properly construed as a challenge to the subsequent sentence.

2

More recently, in <u>Daniels v. United States</u>, 532 U.S. 374  (2001), the Supreme

Court established that a prior sentence used to enhance a federal sentence is no longer

open to collateral attack via a motion under 28 U.S.C. § 2255.   In reaching that

determination, the Court stressed the need for finality of convictions and ease of

administration.

In a subsequent ruling, <u>Lackawanna County v. Coss</u>, 532 U.S. 394  (2001), the

Supreme Court addressed Coss' challenge to his 1986 state conviction which he was

no longer serving.  Specifically, Coss claimed that his 1986 conviction resulted from

ineffective assistance of counsel.  Coss was serving a 1990 sentence and he contended

that he could still challenge the 1986 sentence because it had negatively impacted his

1990 sentence. The Supreme Court, again noting the need for finality of convictions

and ease of administration, held that Coss did not qualify to have his § 2254 petition

reviewed because the expired prior conviction did not actually increase the length of

his current sentence.

In  <u>Jones v. Cunningham</u>, 371 U.S. 236 (1963) the United States Supreme Court

held that a prisoner who had been placed on parole was still in custody under his

unexpired sentence.  The Court noted that in custody was satisfied because being

under the custody and control of the parole board involved significant restraints on the

petitioner's liberty.  <u>Id</u> at 242.  Pennsylvania courts have similarly held that "[a] grant

of parole does not eliminate a prisoner's sentence, but instead, the prisoner continues to serve his sentence during which time he or she is the subject of society's rehabilitation efforts under supervision." <u>Weaver v. Pa Bd.</u> <u>of Prob. & Parole</u>,  688 A.2d 766  (Pa Cmwlth.  1997).

In the present case York County's supplemental response acknowledges that , Smith has been released on parole.  Unlike the petitioner in <u>Coss</u>, Smith's sentence has not yet fully expired. Consequently, pursuant to the standards announced in <u>Jones</u>, Respondent's York County's argument that Petitioner no longer satisfies the in custody requirement is meritless.  York County may file an additional supplemental response within ten (10) days of the date of this Order addressing the merits of Petitioner's claims.

**IT IS HEREBY ORDERED THAT:**

1.    The requests for dismissal of the petition on the basis of failure to satisfy the in custody requirement is denied.

2.    Within ten (10) days of the date of this York County may file a second supplemental response addressing the merits of Petitioner's claims.

4

4.      Petitioner may file a reply to York County's second

supplemental response within fifteen (15) days of its

submission to the Court.


　　　　　s/ James F. McClure, Jr.　　
JAMES F. McCLURE, JR.
United States District Judge