UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT A. SMITH,                    :
    Petitioner              :
                                    :
  v.                                :   CIVIL NO. 4:CV-03-2176
                                    :
                                    :   (Judge McClure)
WARDEN SOBINA,                      :
                                    :
    Respondent              :

## **MEMORANDUM AND ORDER**

November 7, 2005

**Background**

    Robert Allan Smith filed this pro se habeas corpus action pursuant to 28 U.S.C. § 2254 with respect to convictions and/or sentences which occurred in Cumberland, York, Dauphin and Perry counties. Service of the petition was previously ordered. Smith has notified the Court that he was granted parole effective September 7, 2004. See Record document no. 24.

    By Memorandum and Order dated April 18, 2005, this Court denied Respondents' respective arguments that this matter should be dismissed for the Petitioner's failure to fully exhaust state court remedies. The Memorandum

additionally directed the Respondents to file supplemental responses which in part should address the question of whether Smith still satisfied the in custody requirement of 28 U.S.C. § 2254(a). On May 12, 2005, this Court denied requests for dismissal on the basis that Petitioner no longer satisfied the in custody requirement due to his release on parole. See Record document no. 32.

Petitioner states that while being held in the Cumberland County Prison, he was interviewed by detectives from Cumberland, York, Dauphin, and Perry counties. Those law enforcement officials purportedly promised Smith that if he admitted to his participation in some unsolved burglaries which transpired in those respective counties, they would make sure that all charges against him would be consolidated into a single proceeding. Based on that alleged promise, the Petitioner apparently confessed to committing a number of burglaries in the four counties during a one (1) month span. Smith notes that consolidation of criminal charges is permissible under Pennsylvania state law even if the offenses occurred in different counties. His present petition contends that the law enforcement officials reneged on their agreement and he was improperly subjected to separate criminal prosecutions in each of the four counties.

Smith concludes that the Commonwealth's failure to consolidate all of his pending charges violated the prohibition against double jeopardy. He also seeks

federal habeas corpus relief on the grounds that his defense attorneys provided ineffective assistance by not requesting that all of the pending criminal charges be consolidated into a single proceeding.

**Discussion**

**Standard of Review**

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).[1] See generally, Gattis v. Snyder, 278 F.3d

---

[1] Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .
>                                                               (continued...)

3

222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explicated in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

This deferential standard of review applies to state court decisions on ineffective assistance of counsel claims. Id. at 694-98. Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of § 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially

---

[1](...continued)

indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. State court factual findings may be set aside only if rebutted by clear and convincing evidence. This Court will address Smith's claims in accordance with the above standards.

**Double Jeopardy**

As noted earlier, Petitioner claims that the failure of the Commonwealth to have all his outstanding criminal charges consolidated into a single proceeding violated the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment provides, "No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." The Clause serves the function of preventing both "successive punishments and successive prosecutions." United States v. Usery, 111 S.Ct. 2135, 2139 (1996). It "prohibits the government from punishing twice or attempting a second time to punish criminally for the same offense." Id. at 2139-40, see also; United States v. Rice, 109 F. 3d 151, 153 (3d Cir. 1997). The Double Jeopardy Clause is applicable to the States through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784 (1969).

In Commonwealth v. MacPhail, 692 A.2d 139, 141 (Pa. 1997), the Pennsylvania Supreme Court recognized that multiple charges stemming from the same criminal episode, even if some of the charges were filed in a different county, may be consolidated into a single prosecution in order to avoid substantial duplication and

waste of judicial resources.

However, in <u>Cicchincelli v. Shannon</u>, 2001 WL 1352331 (E.D. Pa. Oct. 31, 2001), the Eastern District of Pennsylvania correctly noted that while the Double Jeopardy Clause prohibits multiple prosecutions for the same conduct, the underlying criminal activity must be part of a "single and uninterrupted course of conduct." <u>Id</u>. at *5. The activities "must be inherently continuous to constitute a single criminal transaction." <u>Id</u>. The Eastern District concluded that a defendant's sexual assaults of the same victim which were separated in time and occurred in different venues were two different criminal episodes for purposes of the Double Jeopardy Clause.

Petitioner entered a guilty plea to eight (8) counts of burglary in the Cumberland County Court of Common Pleas on June 19, 2000. He was sentenced to a three (3) to fifteen (15) year term of imprisonment. Almost one year later, on May 10, 2001, Smith entered guilty pleas in the York County Court of Common Pleas in three (3) separate cases. In Case 4825, Petitioner pled guilty to access device fraud and was given a one (1) to two (2) year sentence. In Cases 5058 and 5027, Smith pled guilty to burglary and received two (2) to four (4) year concurrent sentences which were to run consecutively to the sentence imposed in Case 4825. Thereafter, Smith entered a guilty plea in the Perry County Court of Common Pleas on June 15, 2001. He was sentenced on July 12, 2001 to a term of imprisonment to run concurrently and coterminous with any sentence imposed in Cumberland County.

Perry County, citing McPhail, asserts that it recognized the presence of a consolidation issue with respect to Smith's prosecution. It also acknowledges that law enforcement officials gave Smith assurances that his charges would be consolidated. However, since the Petitioner's Perry County sentence was directed to run concurrently and coterminous with any Cumberland County sentence, Perry County argues that there was no resulting injury.

Petitioner's guilty pleas in the three (3) York County cases were the result of a plea bargain negotiated by his Public Defender. As a result of that plea agreement, the York County sentences were directed to run concurrently with Smith's Cumberland County sentences. In addition, time spent by Petitioner in the Cumberland County prison while awaiting disposition of his York County proceeding was credited towards service of the York County sentences. York County similarly seeks dismissal on the grounds that the failure to consolidate was non-prejudicial since concurrent sentences were imposed.

Smith counters that the above arguments are unpersuasive because his Perry, Dauphin and York County sentences are still viewed as separate sentences by the Pennsylvania Board of Probation and Parole and thus, negatively impacts his eligibility for parole.

It is undisputed that Smith has been released on parole, consequently, Petitioner's argument that his separate state convictions negatively impacted his parole

7

eligibility is moot.  Second, the purpose of the Double Jeopardy Clause is to prevent a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction or multiple prosecutions for the same offense.  <u>United States v. $ 184,505.01 in U.S. Currency</u>, 72 F.3d 1160, 1165 (3d Cir. 1995).

    The undisputed record clearly establishes that criminal charges against Smith did not stem from a single uninterrupted course of conduct.  Petitioner acknowledges that his underlying criminal activities transpired over a one month period of time and occurred in various locales.   Based on an application of the standards announced in <u>U.S. Currency</u> and  <u>Cicchinelli</u> ,it is apparent to this Court that the multiple state prosecutions of the Petitioner for numerous non-continuous criminal acts which occurred over a one month span in different counties did not constitute multiple prosecutions for the same offense in violation of the Double Jeopardy Clause.  As demonstrated in <u>Cicchinelli</u>, the failure of the Commonwealth to consolidate Petitioner's criminal charges into a single proceeding as contemplated under <u>McPhail</u> does not warrant a conclusion that there was a violation of the Double Jeopardy Clause.

    Moreover, this determination is further bolstered by the lack of any indication that Petitioner suffered any resulting prejudice since his York and Perry County sentences were apparently directed to run concurrently to his Cumberland County

8

sentence.[2]  In conclusion, the separate state prosecutions for crimes committed in different cities on different dates was constitutionally acceptable and provides no basis for federal habeas corpus relief.

**Ineffective Assistance**

In a related claim, Petitioner asserts that the various defense attorneys who represented him with respect to the Cumberland, Dauphin, Perry and York County prosecutions were ineffective for not seeking a McPhail consolidation.

The United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 688 (1984) held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test.  First, the petitioner must prove that counsel's performance was deficient.  Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001).  That is, he must show that counsel's "representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  There exists a "strong presumption" that trial counsel's performance was reasonable and might be considered sound trial strategy.  Jermyn, 266 F.3d at 282 (quoting Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996)).

Second, he must show that he was prejudiced by the deficient performance. Strickland, 466 U.S. at 687.  The prejudice test is whether there is a reasonable

---

[2] This Court has not been provided with the details of Smith's Dauphin County sentencing.  However, there is no claim by Petitioner that a consecutive term of imprisonment was imposed in Dauphin County.

probability that, but for the deficient performance, the outcome of the proceedings would have been different. <u>Id</u>. at 694.  A reasonable probability is one that is "sufficient to undermine confidence in the outcome." <u>Id</u>. at 694.  "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." <u>Bell</u>, 535 U.S. at 695 (internal quotations and citation omitted).  In assessing an ineffective assistance claim, the totality of the evidence before the jury must be considered. <u>Jermyn</u>, 266 F.3d at 283.

Based on the concurrent sentence imposed, York County argues that Petitioner was not prejudiced by the failure of his Public Defender to seek a <u>McPhail</u>-type consolidation.  Since Smith was not required to serve any additional period of incarceration, the result defense counsel achieved via obtaining a concurrent sentence was the same as if the charges had been consolidated into a single proceeding along with the charges from the other counties.

As previously noted, the sentences from the Perry and York County convictions were ordered to be served concurrently with the Cumberland County sentence.  There is no claim and no indication in the record that a consecutive

sentence was imposed in Dauphin County.[3]  Second, this Court has already concluded that the multiple state prosecutions did not violate the Double Jeopardy Clause. Furthermore, since he has already been granted release on parole any argument that the multiple prosecutions adversely affected Smith's parole eligibility is moot.  In conclusion, since the performance of defense counsel did not prejudice the Petitioner, his claims of ineffective assistance of counsel are baseless under Strickland. Consequently,

**IT IS HEREBY ORDERED :**

    1.    The petition for writ of habeas corpus is DENIED.

    2.    The Clerk of Court is directed to CLOSE the case.

    3.    Based on the Court's determination there is no basis for the issuance of a Certificate of Appealability.

    s/ James F. McClure, Jr.
    JAMES F. McCLURE, JR.

---

[3]   If Petitioner can establish that he Dauphin County sentence was ordered to run consecutively to the other sentences he may file a motion for reconsideration within ten (10) days of the date of this Order.

11

United States District Judge